## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### ALEXANDRIA DIVISION

FORREST ROGERS,

     Plaintiff,

v.                                 CASE NO.:1:20-cv-00276-TSE-MSN

NAVIENT SOLUTIONS, LLC,

     Defendant.

### SECOND AMENDED CLASS ACTION COMPLAINT

#### Summary of the Claim

1.     Under the reasonable restrictions of Telephone Consumer Protection Act, Defendant Navient Solutions, LLC is prohibited from using a prerecorded or artificial voice message to call a cellular telephone number without the recipient's express written consent.

2.     Here, in a misguided attempt to collect a student loan debt, Navient called Plaintiff Forrest Rogers on his cell phone, and used prerecorded or artificial voice messages, but never obtained his consent. Navient called the wrong person; Rogers has no Navient account, and he told Navient that. Nonetheless, Navient continued to bombard his cell phone with prerecorded robocalls.

3.     Navient is a sophisticated, publicly-traded student loan servicer, and could easily avoid these violations. But, because of its lax corporate practices and apparent lack of regard for the sensible restrictions of the TCPA, it has not done so.

4.     To enforce the TCPA, recover penalties, and end Navient's violations, Plaintiff therefore brings this action on behalf of a class of cell phone users to whom Navient directed calls using automated and prerecorded messages, without consent.

**Parties**

5.      Plaintiff Forrest Rogers resides in Fairburn, Georgia.

6.      Defendant Navient Solutions, LLC (Nasdaq: NAVI), is a Limited Liability corporation with a principle place of business in Herndon, Virginia. Navient describes itself as "the nation's leading student loan servicer."   https://news.navient.com/legal-action-facts, last visited Feb. 6, 2020. The allegations as to acts or omissions by Navient shall be construed as allegations against Navient, whether such conduct was committed by Navient directly, or through its agents or contractors.

**Jurisdiction and Venue**

7.      This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). This matter in controversy exceeds $5 million exclusive of interest and costs, as each member of the proposed classes of tens of thousands is entitled to up to $1,500 in statutory damages for each unlawful call. Further, at least one class member resides in a state different than the Defendant. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 are present, and this Court has jurisdiction.

8.      This Court also has original subject matter jurisdiction under 28 U.S.C. § 1331 because this action presents a federal question involving the application of the TCPA.

9.      Venue is proper under 28 U.S.C. §§ 1931(b)-(c) and 1441(a), because the Defendant is deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced, and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

**TCPA Background**

10.     According to the Federal Trade Commission's 2019 Biennial Report to Congress, the emergence of new communications technologies has caused the number of illegal telephone calls to explode in recent years. Consumer complaints about unwanted telephone calls have skyrocketed, from 63,000 per month in 2009 to 209,000 per month in 2019.

11.     As one publication put it, "[i]f robocalls were a disease, they would be an epidemic." Rage Against Robocalls, Consumer Reports (July 28, 2015).

12.     Congress enacted the Telephone Consumer Protection Act in 1991 to protect citizens from the nuisance and invasion of privacy caused by unwanted telephone calls, described by its chief sponsor as "the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

13.     The sheer volume of illegal calling overwhelms the enforcement efforts of government agencies such as the FTC and the Federal Communications Commission. Consequently, private consumer enforcement actions, which Congress authorized when it enacted the TCPA in 1991, play a critical role in combatting illegal calling.

14.     Title 47 U.S.C. § 227(b) regulates so-called "robocalls"—calls  using an artificial or prerecorded voice.

15.     Regarding telephone numbers assigned to a cellular telephone service, the statute prohibits calls using an artificial or prerecorded voice,—other than emergency calls or calls placed with the prior express written consent of the called party. *Id.* § 227(b)(1)(A).

16.     Persons who receive calls in violation of these provisions may bring an action to recover the greater of the monetary loss caused by the violation, or $500. *Id.* § 227(b)(3). If the

Court finds the defendant willfully or knowingly violated § 227(b), the Court may increase the award to up to $1,500 per violation. *Id.*

### Factual Allegations

17.     Plaintiff's telephone number, XXX-XXX-5696, is assigned to a cellular telephone service. Plaintiff received the telephone calls at issue at that number.

18.     Plaintiff has no business relationship with Navient. He has never had a loan account with Navient.

19.     Nonetheless, beginning in January 2019, Plaintiff began receiving a series of annoying, invasive, aggravating, and time-consuming calls from Navient regarding an alleged debt owed by "Lashawndra Davis."

20.     Plaintiff does not know Lashawndra Davis, and has no connection to her at all.

21.     Plaintiff told a Navient representative in January 2019 that he was not the person they were looking for and asked that his number be removed from their list, but the calls continued.

22.     Plaintiff expressly revoked any express consent Defendant may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number with  the use of a pre-recorded or artificial voice.[1]

23.     In fact, the call volume increased to as many as five calls in one day.

24.     Defendant left pre-recorded voicemails on Plaintiff's cellular telephone, including:

Hello. This is Sara from Navient calling for [*pause, followed by a distinctly artificial computer voice*] "Lashawndra Davis." [*pause, then a return to the first voice identified as "Sara"*]. We have an important message regarding your loan serviced by Navient. You can find information and self serve your account on www.navient.com or you can call us toll free at [*pause, followed by a distinctly artificial computer voice*] "888-272-5543" [*pause, then a return to the first voice identified as "Sara."*] Thank you.

---

[1] *See Rahn v. Bank of Am., N.A.,* No. 1:15-CV-4485-ODE-JSA, 2016 WL 7335392, at *4 (N.D. Ga. Sept. 2, 2016)("All that is required under the TCPA is that the alleged defendant use 'any automatic telephone dialing system <u>or</u> an artificial <u>or</u> prerecorded voice.' 47 U.S.C. § 227(b)(1) (emphasis added)

25.     Plaintiff received multiple voicemails with this identical generic recorded message, regarding an "important message" using a pre-recorded and a robotic-sounding automated voice to name the unknown "Lashawndra Davis."

26.     The Defendant placed the calls at issue using a "pre-recorded voice," as that term is used and applied in the TCPA, 47 U.S.C. § 227(b)(1)(A).

27.     The Defendant placed the calls at issue using an "automated voice," as that term is used and applied in the TCPA, 47 U.S.C. § 227(b)(1)(A).

28.     During the relevant period, Plaintiff carried his cellular phone with him at most times so he can be available to family, friends, and others.

29.     The Defendant's calls invaded Plaintiff's privacy and intruded upon his right to seclusion. The calls frustrated and upset Plaintiff by interrupting his daily life and wasting his time.

30.     The Defendant's calls intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted its battery. The calls temporarily seized and trespassed upon Plaintiff's use of his cellular phone, and caused him to divert attention away from other activities to address the calls.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff brings this action under Federal Rule of Civil Procedure 23(a), (b)(2), and (b)(3) as a representative of the following class:

All persons or entities within the United States who (1) within four years of the commencement of this action, (2) received a nonemergency telephone call from Navient regarding a debt allegedly owed to Navient, (3) to a cellular telephone line, (4) through the use of an artificial or prerecorded voice, (5) and who did not provide express consent to receive calls from Navient at that cellular telephone number.

4

32.     Excluded from the Class are Defendants and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

33.     The class definition is subject to change and likely will be modified and refined as Plaintiff obtains information in discovery about the Defendant's corporate practices.

### *Numerosity*

34.     Plaintiff does not know the exact number of Class members, but based upon the size and scope of Defendant's business, the fact that Navient has been sued dozens of times for violating the TCPA, Plaintiff believes that the class members' number at a minimum in the thousands.

35.     The alleged size and the geographic dispersal of the classes make joinder of class members impracticable.

### *Commonality and Predominance*

36.     Questions of law and fact are common to all class members, and predominate over questions that affect only individual class members. Those common questions include:

(1)     Whether Defendant used artificial or prerecorded voice in connection with the placement of calls to cellular telephones;

(2)     Whether Defendant had prior express written consent to place those calls;

(3)     Whether Defendant's conduct was willful or knowing; and

(4)     Whether Defendant should be enjoined from engaging in such conduct in the future.

### *Typicality*

37.     As a person who received a call using an an artificial or prerecorded voice, without prior express written consent, Plaintiff's claims are typical of class members' claims.

### *Adequacy of Representation*

38.     Plaintiff will fairly and adequately represent and protect the interests of the class, and Plaintiff does not have an interest that is antagonistic to any member of the class. Plaintiff has retained counsel experienced in handling class action claims involving the TCPA and other consumer protection statutes.

### *Superiority*

39.     A class action is the superior method for the fair and efficient adjudication of this controversy. Because the amount of each class member's claim is small relative to the complexity of the litigation, and because of Navient's financial resources, class members are unlikely to seek legal redress individually for the violations detailed in this complaint. Class-wide relief is essential to compel Defendant to comply with the TCPA. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings.

40.     By contrast, a class action presents fewer management difficulties, allows claims to be heard that would otherwise go unheard because of the expense of individual litigation, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

### COUNT I
### Violation of the TCPA

41.     Defendant negligently, knowingly, and willfully violated the TCPA with respect to the Plaintiff and members of this class.

42.     Defendant, Navient Solutions, LLC, repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using a prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

43.     As a result of Defendant's illegal conduct, Plaintiff and the members of the class suffered actual damages and, under § 227(b)(3)(B), is entitled to a minimum of $500 in damages for each violation of the TCPA.

44.     Plaintiff and class members are also entitled to, and do, seek injunctive relief prohibiting Defendant from violating the TCPA in the future.

### Relief Sought

Plaintiff requests that the Court:

a.     Determine that the claims herein may be maintained as a class action under Rule 23, and issue an order certifying the class defined above (or as modified) and appointing the Plaintiff as the class representative and his counsel as class counsel;

b.     Award $500 in statutory damages for every call that Defendant negligently placed in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

c.     Award $1,500 in statutory damages for every call that Defendant made knowingly or willfully in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

d.     Grant declaratory and injunctive relief, including, without limitation, an order requiring Navient to implement measures to stop future TCPA violations;

e.     Award such other relief as the Court deems proper.

Plaintiff demands trial by jury.

Respectfully submitted,

*Gregory Y. Porter, Esq.*

**Gregory Y. Porter, Esquire**
Bailey & Glasser, LLP


Amanda J. Allen, Esquire
Florida Bar No. 0098228 (*Admitted PHV*)
William Peerce Howard, Esquire
Florida Bar No. 0103330
The Consumer Protection Firm
401 E. Jackson Street, Suite 2340
Tampa, FL  33602
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Amanda@TheConsumerProtectionFirm.com
Billy@TheConsumerProtectionFirm.com


John W. Barrett
Bailey & Glasser, LLP
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110
jbarrett@baileyglasser.com

*Attorneys for Plaintiff*

8